No. 84-161

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ERMA PONTIOUS BALDWIN,

        Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Carter N. Picotte, Clancy, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
        Mike McGrath, County Attorney, Helena, Montana

Submitted on Briefs: June 19, 1985

Decided: August 1, 1985

Filed: AUG 1 - 1985

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant was convicted of the crime of prostitution. She was convicted by a jury at Justice Court and by a jury on appeal to District Court. She now appeals to this Court.

We affirm.

In 1982 the Helena Police Department commenced an investigation to determine if illegal activity was being conducted at the Velvet Touch Art Gallery. This gallery offered nude dancing and body painting for hire. A sign on the lobby wall described "super deluxe," a service offered, as "mutual body painting using edible paints, mutual dancing, model strips to edible bikini, two photos if desired, two enjoyable hours."

In September 1982 plainclothes officers went to the gallery. They were shown a photo album and the services available were explained. In February 1983 undercover agents entered the gallery. They were also shown the photo album and the services available were explained. One agent paid for a nude dance. The agent returned to the gallery in March 1983. He was legally equipped with an audio monitoring device. He requested a "super deluxe special," paid the appellant, and was taken to a room. Both the agent and the appellant became nude. Massage, including massage of the genitals, resulted in sexual arousal. When the agent determined that sexual conduct was imminent, he gave a code phrase and officers entered. The agent and appellant were found in a compromising position. The appellant was arrested. A search warrant was then obtained and certain

items were seized from the premises. The items seized included a photo album and a packaged condom.

Prior to both trials the appellant moved to suppress evidence, particularly the photo album and condom. The motions were denied. At both trials the questioned evidence was admitted over objection.

The issue on appeal is whether the District Court erred in refusing to suppress the evidence and in admitting the evidence over objection at trial.

When an individual openly advertises mutual nude dancing and body painting for a price, displays a photo album containing a photo of a prostrate nude male with erection and genitals painted with body paint, advertises edible body paint and edible bikinis, takes money from another for the services to be performed, escorts the customer to a private room, clothes are removed, massage of the genitals results, sexual arousal occurs, sexual intercourse is imminent, and the individuals are found in a compromising position, there is substantial evidence supporting the jury verdict that the appellant committed the crime of prostitution in that she agreed to have sexual intercourse for compensation paid.

The District Court judge found that the photo album and condom were admissible under Rule 401, M.R.Evid. that provides as follows:

> "Rule 401. Definition of relevant evidence.
> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevant evidence may include evidence bearing upon the credibility of a witness or hearsay declarant."

In State v. Fitzpatrick (1980) , 186 Mont. 187, 207, 606 P.2d 1343, 1354, this Court quoted with approval the comments to Rule 401 of the Commission on Rule of Evidence:

> "The test of relevance is whether an items of evidence will have any value, as determined by logic and experience, in proving the proposition for which it is offered. The standard used to measure this acceptable probative value is 'any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence.' This standard rejects more stringent ones which call for evidence to make the fact or proposition for which it is offered more probable than any other. It is meant to allow wide admissibility of circumstantial evidence limited only by Rule 403 or other special relevancy rules in Article IV."

We find that the photo album and the condom were probative on the question of whether prostitution was the business regularly conducted on the premises. This in turn provided circumstantial evidence of what defendant agreed to do in return for compensation in this case.

The judgment of the District Court is affirmed.

Justice

We Concur:

Chief Justice

John Conway Harrison
Justices